IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSUE EMMANUEL MARTINEZ, <br> #43980-177, <br> MOVANT, | § <br> § <br> § <br> § | |
| v. | § <br> § | CIVIL CASE NO. 3:21-CV-614-L-BK <br> (CRIMINAL CASE NO. 3:12-CR-27-L-1) |
| UNITED STATES OF AMERICA, <br> RESPONDENT. | § <br> § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Josue Emmanuel Martinez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the motion should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

In 2012, Martinez pled guilty to possession of a firearm by a convicted felon and was sentenced to 63 months' imprisonment and a two-year term of supervised release. Crim. Doc. 32.[1] On September 26, 2018, Martinez pled true to allegations that he violated his conditions of supervised release, and the Court revoked his term of supervised release, sentencing him 15 months' imprisonment, to be served consecutively to the sentence imposed in case number 3:17-CR-454-L. Crim. Doc. 61.

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Martinez*, No. 3:12-CR-27-L-1 ((N.D. Tex. June 28, 2012).

While Martinez subsequently appealed the sentence in No. 3:17-CR-454-L, he did not appeal the revocation sentence received in case number 3:12-CR-27-L. *See United States v. Martinez*, 775 F. App'x 778, 779 (5th Cir. 2019) (per curiam) (noting defendant challenged only his 144-month sentence in No. 3:17-CR-454-L), *cert. denied*, 140 S. Ct. 2572 (2020). However, on March 16, 2021, Martinez filed this § 2255 motion, asserting his conviction in case number 3:12-CR-27-L-1 is intertwined with his conviction in case number 3:17-CR-454-L and that his appellate counsel was ineffective for failing to raise a claim under *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019). Doc. 2 at 1-3. Because Martinez is not in custody pursuant to the underlying judgment in case number 3:12-CR-27-L-1, however, the Court lacks jurisdiction to review his § 2255 motion.

A federal court has jurisdiction to entertain a § 2255 motion only in behalf of "[a] prisoner *in custody* under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added). The incarceration must be pursuant to the conviction or sentence challenged in the § 2255 motion. *See Maleng v. Cook,* 490 U.S. 488, 490-92 (1989) (holding an individual is not "in custody" when the sentence imposed for a conviction has "fully expired" by the time the federal petition is filed); *United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 1994) (extending *Maleng* to § 2255 motion and holding that "a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired").

In the case *sub judice*, Martinez is no longer in custody under the 2012 conviction and sentence in Cause No. 3:12-CR-27-L-1. When his supervised release term was revoked, he was sentenced to serve a 15-month term for violating the conditions of his supervision. The 2012 underlying sentence in No. 3:12-CR-27-L-1, which he seeks to challenge in this § 2255 motion,

While Martinez subsequently appealed the sentence in No. 3:17-CR-454-L, he did not appeal the revocation sentence received in case number 3:12-CR-27-L. *See United States v. Martinez*, 775 F. App'x 778, 779 (5th Cir. 2019) (per curiam) (noting defendant challenged only his 144-month sentence in No. 3:17-CR-454-L), *cert. denied*, 140 S. Ct. 2572 (2020). However, on March 16, 2021, Martinez filed this § 2255 motion, asserting his conviction in case number 3:12-CR-27-L-1 is intertwined with his conviction in case number 3:17-CR-454-L and that his appellate counsel was ineffective for failing to raise a claim under *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019). Doc. 2 at 1-3. Because Martinez is not in custody pursuant to the underlying judgment in case number 3:12-CR-27-L-1, however, the Court lacks jurisdiction to review his § 2255 motion.

A federal court has jurisdiction to entertain a § 2255 motion only in behalf of "[a] prisoner *in custody* under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added). The incarceration must be pursuant to the conviction or sentence challenged in the § 2255 motion. *See Maleng v. Cook,* 490 U.S. 488, 490-92 (1989) (holding an individual is not "in custody" when the sentence imposed for a conviction has "fully expired" by the time the federal petition is filed); *United States v. Esogbue,* 357 F.3d 532, 534 (5th Cir. 1994) (extending *Maleng* to § 2255 motion and holding that "a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired").

In the case *sub judice*, Martinez is no longer in custody under the 2012 conviction and sentence in Cause No. 3:12-CR-27-L-1. When his supervised release term was revoked, he was sentenced to serve a 15-month term for violating the conditions of his supervision. The 2012 underlying sentence in No. 3:12-CR-27-L-1, which he seeks to challenge in this § 2255 motion,

expired long ago.  *See Trejo v. United States*, CIV. SA-12-CA-995-XR, 2012 WL 6681801, at *1 (W.D. Tex. Oct. 25, 2012), *R. & R. adopted*, 2012 WL 6681796 (W.D. Tex. Dec. 21, 2012) (holding movant serving term of supervised release did not meet "in custody" requirement as to underlying sentence).

Because Martinez is no longer in custody on his 2012 conviction and, thus, cannot challenge that conviction under § 2255, this case should be summarily **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on March 24, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).